UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THERESA SCHRADER ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> H & P CAPITAL, INC. ) <br> ) <br> ) <br> Defendant ) <br> _____ ) | Case Number 1:12-CV-0207(TJM/RFT) <br><br> CIVIL COMPLAINT <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Theresa Schrader, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Theresa Schrader, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of New York General Business Law §349 and §601.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in this District.

### III. PARTIES

4. Plaintiff, Theresa Schrader, ("Plaintiff") is an adult natural person residing in Schoharie, New York. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, H& P Capital, Inc. ("Defendant"), at all times relevant hereto, is and was a professional service corporation engaged in the business of collecting debt within the States of New York and Florida with a principal place of business located at 7960 Baymeadows Way, Building 6, Suite 300, Jacksonville, FL 32256.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around October, 2011, Plaintiff started to receive calls from Defendant's agent, "Mr. Simms", to her place of employment calling in regards to an alleged past due account.

8. Defendant would leave messages with Plaintiff's co-workers stating that he was calling in regards to a very important issue.

9. At that time, Plaintiff informed the Defendant that she had retained personal legal counsel to aid her in her debt settlement negotiations and that the Defendant should call them directly in this matter.

10. Defendant's agent, "Mr. Simms", refused to call Plaintiff's attorney.

11. Defendant's agent, "Mr. Simm's", went on to tell the Plaintiff that she put herself in this mess and it was her sole responsibility to get herself out of it.

12. Defendant continued to call the Plaintiff at her place of employment.

13. Defendant continued to refuse to take Plaintiff's attorney contact information.

14. After several calls, Defendant's agent, "Mr. Simms", threatened the Plaintiff with legal action stating that it was clear the Plaintiff had no intention of resolving this matter.

15. Plaintiff is said to owe approximately $290.00.

16. Plaintiff continued to receive calls throughout November, 2011.

17. On or about November 28, 2011, Defendant's agent, "Mr. Simm's", left a message in the general voice mailbox at Plaintiff's place of employment stating that he was investigating the Plaintiff due of her outstanding debt.

18. Defendant's agent demanded that the Plaintiff call him back immediately.

19. Plaintiff called back that day pleading with Defendant's agent, "Mr. Simms", to stop calling because the calls could cause her to lose her job.

20. Plaintiff again tried to give the Defendant the number to her attorney.

21. Defendant's agent, "Mr. Simms", refused and promised the Plaintiff that his next action would be to call the police to come have the Plaintiff locked up because she refuses to pay her bills.

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

23. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24. The Defendant's conduct was do outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

25. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

26. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

27. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

28. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

29. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and

anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

### COUNT I – FDCPA

30. The above paragraphs are hereby incorporated herein by reference.

31. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

32. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1) | At any unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(a)(2) | After it knows the consumer is represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(a)(3) | At place of employment, when the employer prohibits such communication |
| §§ 1692d | Any conduct the natural consequence is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged the person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

| | | |
|---|---|---|
| §§ 1692e(2) | | Character, amount, legal status of a the alleged debt |
| §§ 1692e(4) | | Non-payment of debt will result in arrest or imprisonment of the person |
| §§ 1692e(5) | | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10) | | Any false representation or deceptive means to collect a debt |
| §§ 1692f | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, H&P Capital, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

33. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

34. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

35. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant's willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

36. As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among

other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

### Violations of New York General Business Law §601

37. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

38. Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

39. GBL §601 provides in relevant part as follows:

(a) Communicate with the debtor or any member of his family or household with such frequency or at such unusual hours or on in such a manner that can reasonably be expected to abuse or harass the debtor.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: **January 26, 2012**    BY: _____
Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff
bkw@w-vlaw.com